Frank PELLEGRINI, Petitioner

v.

STATE HARNESS RACING
COMMISSION,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 5, 2007.
Decided April 12, 2007.

Bart M. Beier, Pittsburgh, for petitioner.

Jorge M. Augusto, Asst. Counsel, Harrisburg, for respondent.

BEFORE: COLINS, Judge, and McGINLEY, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Frank Pellegrini (Petitioner), petitions for review of a decision of the State Harness Racing Commission (Commission) which dismissed as untimely his appeal from a ruling that modified the original ruling of the Board of Judges at the Meadows Racetrack (Judges), changing the dates of his suspension. We reverse and remand.

On January 5, 2006, after a horse race at the Meadows Racetrack in Washington, Pennsylvania, a horse named Cinnamon Snowball, trained by Petitioner, allegedly tested positive for the drug Ambroxol. Petitioner thereafter elected to waive the testing of the split sample and waived his right to a hearing before the Judges. The waiver form further notified Petitioner that he had ten days within which to appeal the Judges' ruling.

On May 1, 2006, the Judges issued Ruling No. 06088M (Original Ruling), which imposed on Petitioner a fine of $3,000.00

and a thirty-day suspension to begin on July 3, 2007 and run through August 1, 2007, due to violations of the Commission's regulations at 58 Pa.Code §§ 183.352, 183.355 and 183.357. Petitioner did not appeal the Original Ruling of the Judges and it became a final order.[1]

On June 12, 2006, the Judges noted that Petitioner failed to appeal the Original Ruling, and used their administrative discretion to issue a modified ruling (Modified Ruling). Modified Ruling, June 12, 2006, at 1. The Modified Ruling purported to change the days of the thirty-day suspension from July 3, 2007 through August 1, 2007, to June 30, 2006 through July 29, 2006.

On June 19, 2006, Petitioner filed an appeal from the Modified Ruling and also requested a stay. On June 22, 2006, the Commission's Executive Secretary responded to Petitioner, stating that the matter was final due to Petitioner's failure to timely appeal the Original Ruling to the Commission. The Executive Secretary also denied Petitioner's request for a stay as untimely.

On July 10, 2006, Petitioner filed a petition for review before our court. On August 8, 2006, the Commission filed a motion to dismiss the case stating that the matter was moot, as Petitioner should have already served the thirty-day suspension, since he had not obtained a stay from our court. On September 28, 2006, a single Judge from our court heard the parties' arguments.

On October 6, 2006, our court, in a single Judge decision, denied the Commission's motion to dismiss as moot. In our court's memorandum opinion, we determined that:

> [T]he suspension dates [in the Modified Ruling] are an integral part of the Judges' ruling. The Commission unilaterally and without consent accelerated the suspension dates ... without affording Pellegrini notice and an opportunity to be heard.... Pellegrini promptly appealed the modified ruling. Because the modified ruling is substantially different from the Judges' initial ruling, and because Pellegrini appealed the modified ruling within ten days of receiving it, we find that, contrary to the assertion of the Commission, Pellegrini's appeal was timely.... The Commission cannot change the dates of his suspension without affording him notice and a hearing.... Although the Commission wishes to consider Pellegrini's suspension as having been served, because the modified dates have passed, Pellegrini has professional reasons for contesting this. There is a significant difference between the simple fact that July of 2006 is in the past and the claim that Pellegrini has served a suspension during that time period. Pellegrini has a due process right to notice and a hearing, and this Court cannot deny him those rights.

*Pellegrini v. State Harness Racing Commission* (No. 1293 C.D.2006, Pa.Cmwlth. filed October 6, 2006), slip op. at 4–5. On October 19, 2006, the Commission certified

---

1. At the time of the issuance of the Original Ruling, Petitioner had four outstanding horse medication/drug rulings against him. Ruling No. 05291M imposed a $1500.00 fine and a 90–day suspension which ran from January 9, 2006 through April 8, 2006; Ruling No. 06009M imposed a $2000.00 fine and a 120–day suspension which ran from April 9, 2006 through August 6, 2006; Ruling No. 06010M

imposed a $3000.00 fine and a 150–day suspension which ran from August 7, 2006 through January 3, 2007; and Ruling No. 06011M which imposed a $4500.00 fine and a 180–day suspension which was to run from January 4, 2007 through July 2, 2007. Petitioner had timely appealed all of these rulings to the Commission.

the record in this matter and a briefing schedule was established by our court, setting an oral argument date of February 5, 2007.

On November 15, 2006, the Commission's Executive Secretary rescinded the Modified Ruling of the Judges and reinstated the Original Ruling. According to Commission's brief, this was done in an attempt to resolve the matter and return Petitioner to status quo. However, on November 29, 2006, Petitioner filed and served his brief. On December 27, 2006, the Commission filed an expedited application for remand or, in the alternative, an application for submission on briefs. On December 29, 2006, our court denied the application for remand and ordered that the matter be submitted on briefs without oral argument. On January 5, 2007, Petitioner filed a petition for reconsideration, asking our court to reconsider having the matter submitted on briefs without oral argument. On January 11, 2007, our court denied this petition.

The question before our court is whether the Commission erred in not qualifying the modification of Petitioner's suspension dates as a substantial change of an integral part of the penalty and in failing to give Petitioner notice, the right to an appeal and an opportunity to be heard regarding the Modified Ruling. Further, we must address whether the Commission erred in rescinding the Modified Ruling of the Judges and reinstating the Original Ruling when the matter was before our court and had not been remanded back to it.[2]

First, we address the Commission's attempt to "maintain the status quo" by rescinding the Modified Ruling of the Judges and reinstating the Original Ruling. The Commission asserts that its action of rescinding the Modified Ruling while such ruling was pending before our court in a petition for review, is in accordance with Pa. R.A.P. 1701(b)(1), in that the rescission of the improperly Modified Ruling was necessary in order to preserve and restore Petitioner to his status quo.[3] This is in error.

■ Once the Petitioner petitioned our court for review of the Commission's order dismissing his appeal as untimely, the matter was no longer before the Commission. The "status quo" which the Commission professes it needs to preserve, would be that of the Modified Ruling, as that was the ruling that Petitioner sought review of before the Commission and our court. The Original Ruling is not the status quo. Thus, the Commission erred in rescinding the Modified Ruling and reinstating the Original Ruling, as our court had not remanded to the Commission, and the Commission, therefore, did not have jurisdiction over this case.

Second, we address the Petitioner's argument that the Commission erred in not qualifying the modification of his suspension dates as a substantial change of an integral part of the penalty and in failing to give Petitioner notice, the right to appeal and an opportunity to be heard regarding the Modified Ruling.

---

2. We note that Petitioner in his brief does not address the procedural irregularities in this case.

3. Pa. R.A.P. 1701(b) provides in pertinent part as follows:

After an appeal is taken or review of a quasi judicial order is sought, the trial court or other governmental unit may:

(1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter ... and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceedings. Pa. R.A.P. 1701(b)(1).

 The Commission admits it erred in failing to give Petitioner notice, the right to appeal and an opportunity to be heard regarding the Modified Ruling. We agree that the Commission erred in dismissing Petitioner's appeal as untimely, as Petitioner deserved notice, the right to an appeal and an opportunity to be heard regarding the Commission's Modified Ruling.

Accordingly, we must reverse the Commission's order dismissing Petitioner's appeal as untimely and remand to the Commission for a decision on the merits of Petitioner's appeal of the Modified Ruling.

Judge COLINS dissents.

## ORDER

AND NOW, this 12th day of April, 2007 the order of the State Harness Racing Commission in the above-captioned matter which dismissed Frank Pellegrini's appeal as untimely is reversed and we remand to the Commission for a decision on the merits of Frank Pellegrini's appeal of the Commission's modified ruling.

Jurisdiction relinquished.